Filed 4/13/26  Jones v. Valdez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KAITLYN RACHAEL JONES, <br><br> Petitioner and Respondent, <br><br> v. <br><br> JAIME VALDEZ, <br><br> Defendant and Appellant. | 2d Civ. No. B346500 <br> (Super. Ct. No. D414703) <br> (Ventura County) |

Appellant Jaime Valdez challenges a three-year domestic violence restraining order issued against him after a hearing.  We must reject his claims because he failed to provide an adequate record or support his contentions with relevant legal analysis.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Respondent filed a request for a domestic violence restraining order against appellant.  Her request described three incidents where appellant allegedly showed up at her location, followed her around, and tried to talk to her.  She alleged she was in fear for her safety as well as the safety of her mother and

boyfriend.  The trial court granted a three-year restraining order after hearing, restraining appellant from abusing or contacting respondent, her mother, and her boyfriend.  Appellant represents himself on appeal.  Respondent did not file a responsive brief.

## DISCUSSION

Appellant contends we must reverse the trial court's order granting a domestic violence restraining order against him because it violates his constitutional rights.  Under the Domestic Violence Prevention Act (DVPA), "[a] court may issue [a protective] order 'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved' upon 'reasonable proof of a past act or acts of abuse.'"  (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 782.)  The statute should "be broadly construed in order to accomplish [its] purpose" of preventing acts of domestic violence.  (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1498.)

"We review the trial court's grant or denial of a DVPA restraining order request for an abuse of discretion.  (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226.) . . . "'To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review.'"'"  (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115-116.)

Appellant's status as a pro per litigant does not entitle him to special consideration.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  A party acting as their own attorney is "entitled to the same, but no greater consideration than other litigants and attorneys."  (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)  As such, appellant is bound to follow the most fundamental rule of

appellate review, which is that a judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Id.* at pp. 1573-1574.) Failure to do so "waives any claim that the trial court's or jury's finding is not supported by substantial evidence." (*E.I. v. El Segundo Unified School Dist.* (2025) 111 Cal.App.5th 1267, 1286.)

Appellant chose to proceed without a record of the oral proceedings at trial. The 30-page clerk's transcript consists of appellant's request to continue the restraining order hearing, a court order denying that request, the restraining order, appellant's notice of appeal, a notice designating the record on appeal, and a register of actions. Appellant's motion to augment the appellate record was granted in part, adding to the record respondent's request for a domestic violence order and the related Ventura Police Department Domestic Violence Incident Report. None of these documents facilitate our review of witness testimony, the court's reasoning, relevant objections, or any other factor pertinent to reviewing for abuse of discretion. We cannot ascertain if appellant preserved his claims for appeal by raising them below because the record does not include any objections to the trial court's order. The absence of an oral record precludes us from determining if the trial court abused its discretion. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

An appellant must also provide a reviewing court with persuasive arguments supported by legal analysis and record citations. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th

266, 286-287.) Conclusory arguments unsupported by relevant legal authority and analysis may be disregarded. (*Id.* at p. 287.)

Appellant's brief fails to set forth colorable legal arguments, analysis, or relevant authority. He quotes three cases without analyzing how or why they are relevant to his position. His arguments are improperly made, undeveloped claims, and will be rejected on that basis. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2; Cal. Rules of Court, rule 8.204(a)(1)(B) [appellant must "support each point by argument and, if possible, by citation of authority"]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."].)

## DISPOSITION

Judgment is affirmed. Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.



CODY, J.

We concur:



YEGAN, Acting P. J.          VAN ROOYEN, J.*

---

* Judge of the Superior Court for San Luis Obispo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Carol L. Hubner, Judge
Superior Court County of Ventura

_____

Jaime Valdez, In Pro Per, for Defendant and Appellant.
No appearances for Respondent.